■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROLLINS, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 4, 1985, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts) and grand larceny in the third degree.

During the burglary of the apartment of Euikon Kim in the

City of Albany on November 13, 1984, defendant removed his belt and struck Kim several times with the metal buckle on the belt. Following a jury trial, defendant was convicted of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count of grand larceny in the third degree. On appeal, defendant raises two issues. He asserts that the People failed to prove at trial, first, that he caused physical injury to Kim (Penal Law § 140.30 [2]) and, second, that he used or threatened the immediate use of a dangerous instrument (Penal Law § 140.30 [3]).

With respect to defendant's argument that he did not cause physical injury to Kim, we note that the question of whether Kim suffered substantial pain or an impairment of his physical condition (see, Penal Law § 10.00 [9]) as a result of defendant's striking him was a question properly presented to the jury (see, People v Mattison, 97 AD2d 621, 622). Kim described the injuries inflicted upon him by defendant as bruises on his arms that caused him pain and impaired his movement for several days after the incident. Since the jury's finding that Kim had suffered a physical injury at the hands of defendant is not irrational, we conclude that the trial evidence was sufficient to support defendant's conviction under Penal Law § 140.30 (2) (see, People v Bramble, 103 AD2d 1019; People v Coward, 100 AD2d 628; People v Mattison, supra, p 622).

Turning next to defendant's second argument, that the People failed to demonstrate that he used or threatened the immediate use of a dangerous instrument during the burglary (see, Penal Law § 140.30 [3]), we note that the question of whether defendant's belt and metal belt buckle constituted a dangerous instrument (see, Penal Law § 10.00 [13]) was to be determined by the manner in which the belt and buckle were used (see, People v Carter, 53 NY2d 113, 116). The jury apparently concluded that defendant's use of the belt and buckle to strike Kim made such article of clothing a dangerous instrument, and we cannot say that such a conclusion is erroneous as a matter of law (see, id., p 117; People v Davis, 96 AD2d 680, 681).

Judgment affirmed. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.