■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE WHITE, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that the proof was legally sufficient to support defendant's convictions for assault in the second degree (Penal Law § 120.05 [2]). Whether a particular object constitutes a dangerous instrument as defined by Penal Law § 10.00 (13) depends upon the manner and circumstances in which it is used *(People v Carter,* 53 NY2d 113, 116). Evidence that defendant exerted "a lot of force" in striking two young girls, ages 5 and 3, with a belt, impairing the ability of one child to walk for a period of time, was sufficient to raise a factual issue for the jury whether the belt was readily capable of producing serious physical injury *(see, People v Rollins,* 120 AD2d 896, *lv denied* 68 NY2d 773). The People also presented sufficient evidence to raise a jury issue regarding defendant's intent to cause injury and whether the victims suffered a physical injury as defined by Penal Law § 10.00 (9) *(see, People v Fasano,* 112 AD2d 791, *lv denied* 65 NY2d 979).

There is no merit to defendant's contentions that the trial court erred in refusing to suppress an admission made in Family Court in an abuse and neglect proceeding and in denying his motion to dismiss the indictment on speedy trial grounds. The record does not support the claim that defendant was deprived of a fair trial by repeated comments concerning

sexual abuse. The remaining claim of error in admitting photographs of the victims was not preserved for our review and, in any event, also lacks merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—assault, second degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.