■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY CLEMONS, Appellant.—Judgment, Supreme Court, New York County (Franklin Weissberg, J., at trial and sentence), rendered October 10, 1989, convicting defendant, after jury trial, of grand larceny in the fourth degree and sentencing her, as a predicate felon, to an indeterminate term of 2 to 4 years' imprisonment, unanimously affirmed.

Defendant's conviction arises out of a pickpocket incident occurring on the afternoon of February 12, 1989 in Macy's department store in Manhattan.

At trial, the People introduced the testimony of the complaining witness that defendant bumped into her several times while she was looking at clothing displayed on a store

rack, and that she felt defendant's hand in her coat pocket which contained her wallet and $86 in folded bills of specific denominations. The store security supervisor testified that he observed defendant's hand coming out of the complaining witness' pocket, had defendant detained by a store detective, and suggested that the complaining witness check her pocket. When the complaining witness did so, she discovered that her money had been removed from her wallet. At the store security office, defendant produced from her pocket $103 in crumpled bills, a portion of which matched the denominations of the bills the complaining witness discovered missing from her wallet. Viewing this evidence in the light most favorable to the People, it is clear that a rational trier of fact, applying valid reasoning and permissible inferences, could find that defendant's guilt was proven beyond a reasonable doubt. (See, People v Thompson, 72 NY2d 410.) The trial court's admission into evidence of the bills recovered from defendant, in an uncrumpled, separated and counted state, was appropriate as relevant to a material issue in this case. The defendant allegedly took $86 in specific bill denominations from the complaining witness when defendant bumped into her. The uncrumpling, separation and counting of the bills did not constitute a substantial alteration of the money recovered from defendant, which was clearly described to the jury by the store security supervisor as $103 in bills that came from defendant's pocket in a crumpled state. (See, People v Connelly, 35 NY2d 171.) Thus, the trial court properly exercised its discretion in admitting the bills into evidence and placing the determination of weight to be accorded to this evidence in the hands of the jury. (See, People v Berg, 59 NY2d 294.) Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.