■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH O'HAGAN, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered December 14, 1989, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to one day in prison and a $2000 fine, unanimously affirmed.

The complainant, a bicycle messenger charged with resisting arrest, testified that while he was handcuffed in a holding cell, defendant, a police officer, entered the cell and beat him, knocking his head into the cell bars four or five times. Complainant was eventually brought to the hospital, where he received stitches for his head injuries. His testimony was corroborated by his cellmate, as well as two other prisoners in an adjacent cell.

Defendant, however, testified that after the complainant spit at him and verbally attacked him, defendant approached the cell and put his arm through the bars to restrain complainant. When defendant pulled Johnson into the bars, he saw blood on Johnson's head and went to get some towels to apply pressure to the bruise. When he returned and entered the cell, Johnson uncontrollably smacked his own head into the cell bars.

While defendant maintains that his guilt was not proven beyond a reasonable doubt, a review of the evidence, in the light most favorable to the People, and in light of the fact that the jury's determination of credibility is entitled to great deference *(People v Patterson,* 155 AD2d 363), demonstrates that defendant intentionally injured Johnson by using the cell bars as a dangerous instrument. *(See, e.g., People v Galvin,* 65 NY2d 761.) While complainant may have been uncooperative and somewhat verbally abusive, the jury was not precluded from crediting his testimony with regard to the assault. Nor

was the jury precluded from crediting the other witnesses who corroborated Johnson's testimony. *(See, People v Siu Wah Tse,* 91 AD2d 350.) Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.