■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WALTER PETTIGREW, Appellant. [616 NYS2d 969] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 10, 1992, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree (four counts) and grand larceny in the fourth degree (four counts), and sentencing him, as a second felony offender, to eight concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's claim that money recovered from him and his companion was improperly admitted because irrelevant was not preserved by an objection at trial on the ground now urged (see, People v Balls, 69 NY2d 641), and we decline to review it in the interest of justice. If we were to review it, we would find that such evidence showed that defendant and his companion had in their possession bills that matched the money stolen from the complainant, and thus tended to support the conclusion that they were the ones who stole her purse (see, People v Clemons, 171 AD2d 517, lv denied 78 NY2d 964). Also unpreserved for appellate review is defendant's claim that the court shifted the burden of proof in charging the jury on the presumption of intent arising from possession of stolen property, and we decline to review it in the interest of justice. If we were to review it, we would find that the charge adequately conveyed that the jury could, but did not have to, draw an inference that defendant possessed the property with the requisite criminal intent (cf., People v Ippolito, 100 AD2d 734), and did not otherwise shift the burden of proof. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.