■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDGAR PRUE, Respondent. [632 NYS2d 347] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing counts one through six of the indictment. Counts one and two of the indictment charge defendant with assault in the second degree in violation of Penal Law § 120.05 (2). County Court erred in dismissing those counts upon the ground that the People failed to present evidence legally sufficient to establish that, in the manner in which they were used, a belt and wall constituted dangerous instruments (see, Penal Law § 10.00 [13]). Testimony that defendant struck his 12-year-old son six or seven times, and perhaps as many as 10 times, in a whipping motion with the leather belt he usually wore with his police uniform was legally sufficient, if unexplained and uncontradicted, to establish that, in the manner in which it was used, the belt constituted a dangerous instrument (see, People v Rozanski, 209 AD2d 1018, lv denied 84 NY2d 1038; People v White, 167 AD2d 870, lv denied 77 NY2d 845; People v Rollins, 120 AD2d 896, lv denied 68 NY2d 773). Similarly, testimony that defendant struck the back of his son's head against a wall in the family home several times with sufficient force to crack the wall is legally sufficient to permit the Grand Jury to find that the wall was used as a dangerous instrument (see, People v Galvin, 65 NY2d 761; People v O'Hagan, 176 AD2d 179).

The court also erred in dismissing counts one through six of the indictment charging assault in the second and third degrees upon the ground that the prosecutor erroneously instructed the Grand Jury on the defense of justification. The prosecutor instructed the jury that Penal Law § 35.10 (1) "in no way [permits] the cruel beating of children" and that "the law recognizes that a parent may use some physical force in disciplining their children, but it has to be reasonable and in no way gives them permission to cruelly beat their children." That instruction regarding the extent of force one may reasonably believe to be necessary is consistent with case law (see, Matter of M. Children, 91 AD2d 612, 613, appeal dismissed 58 NY2d 1046) and was not so erroneous or misleading as to impair the integrity of the Grand Jury proceeding or to render it defective (see, People v Caracciola, 78 NY2d 1021, 1022; People v Goetz, 68 NY2d 96, 115-116; People v Calbud, Inc., 49

NY2d 389, 396). (Appeal from Order of Onondaga County Court, Brandt, J.—Dismiss Indictment.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.