■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CURTIS, Appellant. [635 NYS2d 186] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered December 6, 1993, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $3^1/2$ to 7 years, unanimously affirmed.

The trial court properly declined to charge assault in the third degree as a lesser included offense of assault in the second degree, there being no reasonable view of the evidence that the braided belt used to pummel the victim was not a dangerous instrument within the meaning of Penal Law § 10.00 (13) (see, *People v Carter*, 53 NY2d 113; *People v Rollins*, 120 AD2d 896, *lv denied* 68 NY2d 773) or that defendant did not use the belt in repeatedly striking the victim.

Defendant's objection to the relevance of the box cutter was

insufficient to preserve his appellate claim that its prejudicial effect outweighed its probative value (*see, People v Pettigrew*, 208 AD2d 365, *lv denied* 85 NY2d 912), and we decline to review it in the interest of justice. In any event, we find no error since there was no argument that this was the same box cutter used in the attack and in view of the overwhelming evidence of defendant's participation in the assault (*see, People v Sims*, 209 AD2d 192, *lv denied* 84 NY2d 1015). Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.