■ The People of the State of New York, Respondent, v Carlos Abreu, Appellant. [726 NYS2d 10] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered May 14, 1999, convicting defendant, after a nonjury trial, of assault in the first degree (two counts), attempted rape in the first degree and reckless endangerment in the second degree, and sentencing him to concurrent terms of 7 years, 7 years, 5 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis to disturb the jury's determinations concerning credibility.

Attempted rape in the first degree was clearly established by evidence including the victim's detailed testimony that defendant unzipped his pants and lifted her skirt. A trier of fact can readily infer from defendant's conduct and the surrounding circumstances that defendant came within "dangerous proximity" of the commission of rape (*see, People v Pereau,* 64 NY2d 1055; *People v Bracey,* 41 NY2d 296). For these same reasons, the evidence also established first-degree assault as committed during a felony (Penal Law § 120.10 [4]).

The evidence also established the element of serious physical injury (Penal Law § 10.00 [10]). Defendant rendered the victim unconscious three times as a result of his chokehold, and the People's expert testified that the type of choking capable of

causing a loss of consciousness poses a substantial risk of death. Moreover, under these circumstances, the garbage bag used to choke the victim constituted a dangerous instrument (Penal Law § 10.00 [13]; § 120.10 [1]), and there was no reasonable view of the evidence warranting submission of the lesser included offense of assault in the third degree (*see, People v Curtis*, 222 AD2d 237, *affd* 89 NY2d 1003).

Testimony as to the victim's prompt outcry to the EMS technician and police officers was properly admitted as it was made shortly after the incident and was limited to information conveying the sexual nature of the assault (*People v McDaniel*, 81 NY2d 10, 16). Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.