Matter of Amanda R. v Daniel A.R. (2018 NY Slip Op 07827)





Matter of Amanda R. v Daniel A.R.


2018 NY Slip Op 07827


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7626

[*1]In re Amanda R., Petitioner-Respondent,
v
Daniel A.R., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about September 26, 2017, which, after a hearing, found that respondent committed the family offenses of menacing in the second degree, assault in the second degree, and attempted assault in the third degree, and granted petitioner an order of protection against him effective until September 25, 2019, unanimously affirmed, without costs.
Petitioner established by a fair preponderance of the evidence that respondent committed the family offenses of menacing in the second degree (Penal Law § 120.14), assault in the second degree (Penal Law § 120.05[1]), and attempted assault in the third degree (Penal Law § 120.00[1]). Petitioner testified that in December 2010, while she was 8½ months pregnant, the father shoved her down onto a bed during an argument. She testified that in May 2012, during an argument, the father got on top of her and choked her causing her to lose consciousness, and causing her neck to swell and have red marks on it for numerous days (see People v Suyoung Yun, 140 AD3d 402, 403 [1st Dept 2016], lv denied 28 NY3d 937 [2016]; People v Abreu, 283 AD2d 194, 194-195 [1st Dept 2001], lv denied 96 NY2d 898 [2001]). She also testified that in early September 2014, the father punched her very hard in the face causing her to fall and knock over a closet. This Court sees no basis to set aside the Family Court's determination that the mother's testimony was credible (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Victoria P. [Victor P.], 121 AD3d 1006 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK