People v Rodriguez (2020 NY Slip Op 07403)





People v Rodriguez


2020 NY Slip Op 07403


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-10194
 (Ind. No. 7555/12)

[*1]The People of the State of New York, respondent,
v
Juan Rodriguez, appellant.


Paul Skip Laisure, New York, NY (Lindsey B. Cherner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered September 22, 2015, convicting him of robbery in the second degree, attempted assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree, attempted assault in the second degree, and assault in the third degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence adduced at trial, which included testimony that the defendant used a belt to repeatedly strike the victim, was legally sufficient to support the fact-finder's determination that the defendant used a "dangerous instrument" within the meaning of Penal Law § 10.00(13) (see Penal Law § 120.05[2]; People v Still, 26 AD3d 816, 817; People v Curtis, 222 AD2d 237, 237; People v Prue, 219 AD2d 873, 873; see also People v McElroy, 139 AD3d 980, 981; People v Rollins, 120 AD2d 896, 897). The evidence was also sufficient to demonstrate a "physical injury" within the meaning of Penal Law § 10.00(9) (see Penal Law § 120.00[1]; People v Rose, 120 AD3d 593, 594; Matter of Edward H., 61 AD3d 473, 473). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the prosecutor made improper remarks during summation which deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Oliphant, 117 AD3d 1085, 1086). In any event, his contention is without merit (see People v Escamilla, 168 AD3d 758, 759-760; People v Ramrattan, 126 AD3d 1013, 1014; People v Ariza, 77 AD3d 844, 846).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court