People v London (2022 NY Slip Op 04651)

People v London

2022 NY Slip Op 04651

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-02405

[*1]The People of the State of New York, respondent,
v
James London, appellant.

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Hilary Dowling of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated January 23, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sex trafficking (Penal Law § 230.34[5][h]). At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 110 points, presumptively placing him within the level three designation.
Contrary to the defendant's contention, the Supreme Court's assessment of 30 points under risk factor 1 on the ground that the defendant was "armed with a dangerous instrument," i.e., a gator/snake skin belt, was supported by clear and convincing evidence (see People v Vega, 33 NY3d 1002, 1004; People v Rodriguez, 189 AD3d 1085; People v Curtis, 222 AD2d 237, affd 89 NY2d 1003, 1004). The defendant's contention that the People failed to establish that he used the belt during the commission of the crime for which he was convicted is unpreserved for appellate review. In any event, contrary to the defendant's contention, the court was not limited solely to consideration of the crimes of which the defendant was convicted in assessing points (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Sincerbeaux, 27 NY3d 683, 687-688; People v Burrowes, 177 AD3d 1005, 1006; People v Fowara, 128 AD3d 932, 933).
Further, since the defendant did not seek a downward departure from his presumptive risk level at the hearing, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Vasquez, 197 AD3d 1185, 1187). In any event, the defendant's contention that a downward departure is warranted because he engaged in sex trafficking for financial gain, and not sexual deviance, does not constitute, as a matter of law, an appropriate mitigating factor (see People v McCurdy, 121 AD3d 875, 876). The defendant also contends that the assessment of 30 points under risk factor 1, which resulted in a total score of 110 points—the lowest point total necessary for presumptive adjudication as a level three sex offender—produced [*2]an overassessment of his risk to the community. However, a points total near the low range of the level three parameters, by itself, does not constitute grounds for a downward departure (see People v Nicholson, 195 AD3d 758, 759; People v Zapata, 186 AD3d 761, 762).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court