People v Brown (2025 NY Slip Op 02356)

People v Brown

2025 NY Slip Op 02356

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-12350

[*1]The People of the State of New York, respondent,
v
Jari Brown, appellant. Margaret W. Walker, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.

Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated December 4, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant argued against an assessment of 30 points under risk factor 1 (use of violence) for his use of a dangerous instrument and sought a downward departure from his presumptive level two risk designation, the County Court designated the defendant a level two sex offender.
In establishing an offender's appropriate risk level under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). "The [G]uidelines assume that the Board or a court will generally apply traditional principles of accessorial liability in calculating an offender's presumptive risk level" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006] [hereinafter Guidelines]; see Penal Law § 20.00). Here, the People's evidence, including the complainant's grand jury testimony, demonstrated that the defendant, who actively prevented the complainant's escape and took part in the sexual acts committed against her, acted in concert with the codefendant in using a dangerous instrument to sexually assault the complainant (see People v Lazaro, 125 AD3d 1008, 1009; see also People v Greenridge, 224 AD3d 852, 854; People v Watkins, 168 AD3d 1007, 1008). Furthermore, contrary to the defendant's contention, the People demonstrated that a belt, with which the codefendant repeatedly struck and threatened to continue striking the complainant, constituted a dangerous instrument (see People v London, 207 AD3d 667, 668; People v Rodriguez, 189 AD3d 1085; see also People v Greenridge, 224 AD3d at 853).
While a court may exercise its discretion to downwardly depart where some of the points assessed on the risk assessment instrument are "based on the application of principles of accessorial liability and 'result[ ] in an over-assessment of the offender's risk to public safety,'" here, the County Court did not improvidently exercise its discretion in determining, under the totality of the circumstances, that the points assessment did not result in an overassessment of the defendant's level of risk (People v Bowles, 89 AD3d 171, 180, quoting Guidelines at 7).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the order.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court