■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK LAKE, Appellant. [623 NYS2d 904] —Appeal by the defendant, by permission, from an order of the County Court,

Nassau County (Harrington, J.), dated November 29, 1993, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered May 31, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was to vacate the judgment on the ground of a *Rosario* violation; as so modified, the order is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing on the defendant's *Rosario* claim.

The record reveals that in connection with the defendant's first motion pursuant to CPL 440.10 a hearing was held to determine whether a composite sketch of a robbery suspect had been created and shown to a prosecution witness. At that hearing, the witness testified for the first time that, although he did not view the theretofore undisclosed sketch, he was shown a photograph or photographs two or three weeks after the robbery, which was several months before the identification procedure which had been the subject of a pre-trial *Wade* hearing. He also testified, for the first time, that he had seen a detective "write something down" at the time he viewed the photographs.

On this record, the County Court did not improvidently exercise its discretion in denying, on procedural grounds, without a hearing, that branch of the defendant's second motion pursuant to CPL 440.10 which sought a new *Wade* hearing based upon the witness's viewing of photographs two or three weeks after the robbery. The defendant had been in a position to raise that claim in his first motion since in a statement to the defendant's investigators the witness had admitted that he had been shown such photographs. However, the statements obtained by the defendant's investigators from that witness prior to the first CPL 440.10 hearing did not include any reference to the possibility that a detective had written something down at the time the witness viewed the photographs, and the witness allegedly refused to cooperate with the defendant's attorney in his attempt to follow up on the investigators' report. Accordingly, the record does not support the County Court's finding that the defendant was procedurally barred from raising the *Rosario* and *Brady* claims in his second CPL 440.10 motion.

Nevertheless, we find that the denial of that branch of the

motion alleging a *Brady* claim was proper since the moving papers did not contain sworn allegations substantiating or tending to substantiate that claim (CPL 440.30 [4] [b]; *see, People v LaPella,* 185 AD2d 861). Rather, the moving papers set forth only conclusory and unsubstantiated allegations that the witness had failed to identify the defendant after viewing certain photographs and the People failed to disclose that information. Accordingly, the matter is remitted to the County Court, Nassau County, for a hearing only in connection with the defendant's *Rosario* claim. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.