■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORAL DAWKINS, Appellant. [813 NYS2d 102]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered December 9, 2002, convicting him of robbery in the first degree (three counts), burglary in the first degree, unlawful imprisonment in the second degree (three counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was denied the effective assistance of appellate counsel in connection with a motion made in this Court cannot be addressed on this appeal, as the proper procedure for addressing such a claim is an application for a writ of error coram nobis addressed to this Court (*see People v Bachert*, 69 NY2d 593, 595-596 [1987]; *People v Velez*, 286 AD2d 406, 406 [2001]; *see also* CPL 450.10, 470.15; *cf. People v Stultz*, 2 NY3d 277, 281 [2004]).

To the extent that the defendant contends that an audiotaped recording and related documents that were sealed under a protective order may contain *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]), we have examined the sealed materials in camera and have determined that they do not contain *Brady* material.

To the extent that the defendant claims that he was deprived of his right to confront and cross-examine witnesses against him (*see* US Const, 6th Amend; NY Const, art I, § 6) on the basis of lack of access to the sealed materials, his claim is without merit, as the materials did not contain information relevant to any issue at trial (*see generally People v Ashner*, 190 AD2d 238, 246 [1993]).

The defendant's contention that the prosecutor's summation comments denied him a fair trial is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Livigni*, 288 AD2d 323, 324 [2001]). In any event, any prejudice to the defendant was mitigated by the trial court's actions in sustaining the defense counsel's objections, striking inappropriate remarks from the record, issuing curative instructions, and charging the jury (*see People v Credle*, 12 AD3d 456, 456 [2004]; *People v Thomas*, 8 AD3d 303, 303 [2004]; *People v Howe*, 292 AD2d 542, 542-543 [2002]).

The defendant's remaining contention is without merit. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.