◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE LARD, Also Known as LONNIE ANTHONY, Appellant. [846 NYS2d 495]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Sheila A. DiTullio, J.), entered May 5, 2006. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of attempted assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Erie County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: We granted defendant leave to appeal from the order denying his CPL article 440 motion to vacate the judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). Defendant contends that he is entitled to vacatur of the judgment pursuant to CPL 440.10 (1) (h) because defense counsel failed to file a timely notice of appeal and thus was ineffective. We reject that contention. Section 440.10 (1) (h) addresses violations of constitutional rights in obtaining a judgment, not violations occurring after entry of the judgment (see CPL 1.20 [15]). The proper procedural vehicle for seeking relief based on that alleged ineffective assistance of counsel was a motion for an extension of time for taking the appeal under CPL 460.30 (see People v McDonough, 87 AD2d 727 [1982]; see generally People v Corso, 40 NY2d 578, 580-581 [1976]), but the time period in which to move for an extension has expired (see CPL 460.30 [1]). We further reject the contention of defendant that the alleged ineffective assistance of counsel deprived him of his opportunity to raise on appeal an issue concerning the voluntariness of his plea. That contention concerns the same alleged postjudgment ineffective assistance and thus suffers from the same infirmity.

We conclude, however, that defendant's contention pursuant to CPL 440.10 (1) (a), i.e., that the superior court information was jurisdictionally defective, may have merit (see People v Menchetti, 76 NY2d 473, 477 [1990]). County Court rejected that contention on the ground that sufficient facts appeared on the face of the record to have permitted appellate review of the contention, thus requiring denial of the motion pursuant to CPL 440.10 (2) (c). That paragraph of CPL 440.10, however, is premised on "the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his [or her] failure to raise such ground or issue" upon a perfected appeal. In view of the averments of defendant that he timely instructed

defense counsel to take an appeal from the initial judgment, that defense counsel failed to do so, and that defendant did not learn of such failure until an appeal was pending on the subsequent resentence, we conclude that a hearing on whether the failure to take a timely appeal was justifiable is required pursuant to CPL 440.30 (5). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.