■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHIU MEI LAN KWOK, Appellant. [857 NYS2d 703]—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Blumenfeld, J.), dated September 8, 2006, which, without a hearing, denied her motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 25, 2005, convicting her of attempted falsifying business records in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant pleaded guilty to one count of attempted falsifying business records in the second degree (*see* Penal Law §§ 110.00, 175.05) in full satisfaction of a multicount indictment that originally contained a charge of enterprise corruption, a class B felony (*see* Penal Law § 460.20). She did not appeal from the judgment of conviction, but now argues on appeal from the denial of her motion to vacate the judgment (*see* CPL 440.10 [1]), that the Supreme Court should not have accepted her guilty plea because her statements at the plea proceeding negated an element of the crime to which she pleaded guilty (*see People v Lopez*, 71 NY2d 662, 666 [1988]). She also argues that the court's failure to advise her of the possible ramifications of her

guilty plea on her professional license rendered her plea unknowing. As the People argued in the Supreme Court and on appeal, facts sufficient to have permitted adequate review of these claims on a direct appeal from the judgment appear on the record of the plea proceedings. Consequently, absent a showing that the defendant's failure to take an appeal and raise these claims was justifiable, the defendant is barred from raising them on a motion to vacate the judgment (*see* CPL 440.10 [2] [c]). The defendant has made no such showing (*cf. People v Lard*, 45 AD3d 1331, 1332-1333 [2007]). The defendant's remaining claim, regarding her counsel's alleged misadvice as to the effect of her guilty plea on her professional license, was refuted by the defendant's own affidavit, and, consequently, the Supreme Court properly rejected it without holding a hearing (*see* CPL 440.30 [4] [b]). Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.