■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT HILLRIEGEL, Appellant. [911 NYS2d 247]—

Stein, J. Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered September 15, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgments convicting him of the crimes of assault in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, without a hearing.

Defendant pleaded guilty to assault in the second degree in 2004 and was thereafter sentenced to a jail term of six months and probation of five years. Shortly afterward, he fired a handgun near a house occupied by several individuals. As such, he pleaded guilty in 2006 to a superior court information charging him with criminal possession of a weapon in the second degree and reckless endangerment in the first degree and waived his right to appeal. He also entered an admission to a probation violation petition, and his probation was revoked. County Court sentenced him, as promised, to an aggregate prison term of nine years to be followed by postrelease supervision of five years. Defendant did not appeal from either judgment, instead bringing the present motion to vacate the judgments pursuant to CPL 440.10. County Court denied the motion

without a hearing and, with this Court's permission, defendant appeals.

We affirm. Defendant asserts that his 2004 guilty plea was not a knowing and voluntary one due to County Court's inaccurate recitation of his potential sentencing exposure during the plea proceedings. Inasmuch as that error was apparent on the record, it could have been raised upon direct appeal, thus foreclosing CPL article 440 relief (*see* CPL 440.10 [2] [c]; *People v Angelakos*, 70 NY2d 670, 672-673 [1987]; *People v Lagas*, 49 AD3d 1025, 1026 [2008], *lv denied* 10 NY3d 859 [2008]). The same is true for his contention that the 2006 superior court information and waiver of indictment were jurisdictionally defective (*see People v Cuadrado*, 9 NY3d 362, 364-365 [2007]; *People v Brown*, 59 AD3d 1058, 1058-1059 [2009], *lv denied* 12 NY3d 851 [2009]). We are unconvinced by defendant's argument that his failure to raise such issues on direct appeal was justified (*see People v Chiu Mei Lan Kwok*, 51 AD3d 814, 815 [2008]). Nor are we persuaded by defendant's argument—to the extent it is properly raised in a CPL article 440 motion—that he received the ineffective assistance of counsel.

Lastly, defendant contends that he was sentenced to an illegal term of postrelease supervision upon his assault conviction. As that issue relates solely to the validity of his sentence, it cannot be raised in the present motion (*see* CPL 440.10 [2] [d]; *People v Reed*, 61 AD3d 1216, 1217 [2009]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed.