THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HAYES, Appellant. [990 NYS2d 876]—

Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ayres, J.), entered September 22, 2011, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.10 to vacate a judgment of the same court

rendered September 6, 1991, convicting him, upon his plea of guilty, of robbery in the second degree, and imposing sentence.

Ordered that the order is affirmed insofar as appealed from.

Contrary to the defendant's contention, sufficient facts appear on the record of the proceedings underlying the judgment of conviction to have permitted, upon appeal from such judgment, adequate review of the defendant's contention that his plea of guilty was not knowingly or intelligently entered (*see generally People v Pettress*, 109 AD3d 555, 555-556 [2013]; *People v Ortega*, 61 AD3d 705, 706 [2009]; *People v Kegel*, 55 AD3d 625, 625 [2008]; *People v Henderson*, 44 AD3d 873, 874 [2007]; *People v Cisco*, 208 AD2d 643, 643 [1994]). Accordingly, under the circumstances presented here, the defendant is barred from raising that contention on a motion to vacate the judgment (*see* CPL 440.10 [2] [c]; *see also People v Cooks*, 67 NY2d 100, 104 [1986]; *People v Chiu Mei Lan Kwok*, 51 AD3d 814, 815 [2008]).

The defendant failed to submit sworn allegations substantiating or tending to substantiate all essential facts necessary to support his claim that he did not receive the effective assistance of counsel during the sentencing proceeding (*see Strickland v Washington*, 466 US 668 [1984]; *People v Hernandez*, 22 NY3d 972 [2013]). Under these circumstances, the Supreme Court providently exercised its discretion in denying, without a hearing, that branch of his motion which was to set aside the sentence (*see* CPL 440.30 [4] [b]; *People v Ford*, 46 NY2d 1021, 1023 [1979]; *People v Williams*, 24 AD3d 575, 575 [2005]; *People v Wells*, 265 AD2d 589 [1999]; *People v Lake*, 213 AD2d 494, 495-496 [1995]).

The defendant's request for leave to prosecute a direct appeal from the judgment is not properly before this Court, as the proper procedure for making such a request is an application for a writ of error coram nobis, not an appeal from an order denying a motion made pursuant to CPL 440.10 (*see People v Syville*, 15 NY3d 391, 400 [2010]; *accord People v Dawkins*, 27 AD3d 576, 576 [2006]). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.