■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS LOPEZ, Appellant. [997 NYS2d 60]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered December 6, 2011, convicting defendant, after a jury trial, of four counts of assault in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life, unanimously affirmed.

After a careful inquiry, the court properly exercised its discretion when it precluded cross-examination of one of the People's witnesses about her past status as a confidential informant (*see People v Corby*, 6 NY3d 231, 234-235 [2005]; *see also People v Schlau*, 117 AD3d 461, 462-463 [1st Dept 2014], *lv denied* 23 NY3d 1067 [2014]). The witness's service as an informant had concluded a year before the instant crime and did not involve defendant, the People demonstrated that the witness had legitimate safety concerns regarding disclosure of her status, and there was nothing in the circumstances of the case to raise a suspicion that her past informant status contributed to her becoming a prosecution witness in this case. Since defendant never asserted that the court's evidentiary ruling not only violated state law, but also violated his constitutional rights, his present constitutional claims are unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]; *see also Duncan v Henry*, 513 US 364,

366 [1995]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). In any event, any error was harmless under the standards for both constitutional and nonconstitutional error (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly denied defendant's request for a jury instruction regarding intoxication. Although there was evidence that defendant had consumed alcohol and marijuana at relevant times, the evidence, viewed most favorably to defendant, was insufficient to allow a reasonable juror to harbor a doubt concerning any element of the charges (*see People v Beaty*, 22 NY3d 918 [2013]).

Defendant's challenge to a remark made by the prosecutor in summation is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.