People v Hillary (2022 NY Slip Op 02818)

People v Hillary

2022 NY Slip Op 02818

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2018-07015
 (Ind. No. 16-01469)

[*1]The People of the State of New York, respondent,
v
Errol Hillary, appellant.

Anthony M. Giordano, Ossining, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Jill Oziemblewski of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (David S. Zuckerman, J.), rendered April 30, 2018, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and attempted murder in the second degree (five counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On December 25, 2016, the defendant attended a Christmas/birthday party at the Mansion (hereinafter the club), an after-hours club in Westchester County. All guests entering the club were searched by pat down, but no metal detector wands were used that night. A member of the club's security team physically searched the defendant upon his arrival at the club by pat down. At the end of the party, when the defendant refused to follow the directives to exit the club given to him by security personnel, they grabbed the defendant and dragged him down the stairs towards the exit. The head of security at the club knew the defendant and helped the defendant to his feet when he saw him being dragged out of the club. As he walked outside, the defendant began shooting a gun, firing multiple shots into the club, striking and killing the club's manager and injuring several others.
Multiple witnesses identified the defendant as the shooter, including a police officer who had been positioned outside of the club. After the trial, the defendant was convicted of murder in the second degree, criminal possession of a weapon in the second degree, and five counts of attempted murder in the second degree. The defendant appeals.
The defendant's contention that the prosecution was improperly permitted to introduce his inadmissible, post-Miranda (see Miranda v Arizona, 384 US 436) statements to police refusing to give a DNA sample or to be swabbed for gunshot residue, thereby violating his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel, is based on matter dehors the record and thus cannot be reviewed on direct appeal (see People v Stewart, 200 AD3d 723).
Contrary to the defendant's contentions, the Supreme Court properly exercised its [*2]discretion in precluding cross-examination of a prosecution witness about his past history (see People v Lopez, 122 AD3d 511, 511), and in precluding the defendant from impeaching his own witness (see CPL 60.35[1]; People v Ayala, 121 AD3d 1124, 1125).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court