People v Williams (2025 NY Slip Op 03086)

People v Williams

2025 NY Slip Op 03086

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-05042
 (Ind. No. 1962/18)

[*1]The People of the State of New York, respondent,
v
Corey Williams, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, Jaedon J. Huie, and Manipal Singh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael J. Yavinsky, J.), rendered June 30, 2021, convicting him of assault in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
"'A trial court must charge the jury with respect to the defense of justification whenever, viewing the record in the light most favorable to the defendant, there is any reasonable view of the evidence which would permit the jury to conclude that the defendant's conduct was justified'" (People v Singh, 197 AD3d 1332, 1335 [emphasis omitted], quoting People v Irving, 130 AD3d 844, 845). "A justification defense is negated where the defendant was the initial aggressor" (People v Anderson, 180 AD3d 923, 923, affd 36 NY3d 1109; see People v Petty, 7 NY3d 277, 285). Here, the defendant was not entitled to a justification charge because he assumed the mantle of the aggressor when, after leaving the convenience store, thereby retreating to a place of safety, he voluntarily acted to renew the confrontation by reentering the convenience store and using deadly physical force (see People v Mason, 132 AD3d 777, 777; People v Clark, 129 AD3d 1, 24-25, affd 28 NY3d 556).
"In fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Shaw, 230 AD3d 599, 601 [citations omitted]; see People v Shabazz, 231 AD3d 968, 969). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Orama, 232 AD3d 627, 628).
The Supreme Court providently exercised its discretion in admitting at trial the defendant's statement to the police, as the probative value of the statement outweighed any undue prejudice to the defendant (see People v Mapp, 188 AD3d 1260, 1261; People v King, 161 AD3d 772, 773-774). In any event, any error in the admission of the statement was harmless, as there was [*2]overwhelming evidence of the defendant's guilt of the crimes of which he was convicted, and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 242; People v Lewis, 208 AD3d 595, 601).
The Supreme Court was not required to conduct a minimal inquiry following the defendant's request to address the court about substituting counsel because the defendant failed to make "'specific factual allegations of serious complaints about counsel'" (People v Fulgencio, 168 AD3d 1094, 1094 [internal quotation marks omitted], quoting People v Porto, 16 NY3d 93, 100). Contrary to the defendant's contention, he was given a "sufficient opportunity by the court to make such allegations" (People v Flores, 185 AD3d 958, 959).
To the extent that the defendant contends that he was deprived of the effective assistance of trial counsel, this contention is based on matters dehors the record and, thus, cannot be reviewed on direct appeal (see People v Nicholson, 211 AD3d 852, 853; People v Hillary, 204 AD3d 1042, 1043).
To the extent that the defendant contends that he was deprived of the effective assistance of appellate counsel, this contention cannot be addressed on this appeal, as the proper procedure for addressing such a contention is an application for a writ of error coram nobis (see People v Latimer, 120 AD3d 1264, 1265; People v Hayes, 120 AD3d 711, 712).
The defendant's remaining contentions are partially unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court