■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN McCALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered August 12, 1981, as amended September 3, 1981, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment, as amended, is affirmed.

Police Officer Jones was justified in stopping the defendant in order to make inquiry of him when he observed him in a high-crime area, at night, running from a subway station at the heels of the codefendant Murphy, who had a gold chain in his hand, particularly since the defendant did not stop when he saw the officer, but instead appeared to try to warn Murphy of the officer's presence (see, People v Howard, 50 NY2d 583, cert denied 449 US 1023; People v Cantor, 36 NY2d 106; People v Joy, 114 AD2d 517). In response to Jones's inquiry, the defendant gave an implausible explanation for his behavior, thus failing to dispel Jones's reasonable suspicion. At this point Jones was justified in pursuing the minimally intrusive course of escorting the defendant 2½ blocks to where other officers had stopped Murphy, since the defendant was not handcuffed, there was no showing of force, the defendant was not taken to the police station, the total time and distance involved were brief and no information was asked of the defendant after the initial inquiry (see, People v Hicks, 68 NY2d 234). In short, "the police diligently pursued a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly, during which time it was necessary to detain the defendant" (People v Hicks, supra, at 242). Finally, Jones was justified in frisking the defendant after hearing a radio transmission describing two men fitting the description of the defendant and Murphy as the men who shortly before committed an armed robbery nearby (see, People v Middleton, 119 AD2d 593). Therefore, the hearing court did not err in denying those branches of the defendant's motion which were to suppress the gun discovered during the frisk and testimony regarding a later identification on the basis that they were the tainted fruits of an illegal detention.

We note our strong disapproval of the prosecutor's summation, wherein he unnecessarily sought to bolster his case by repeatedly appealing to the jurors' emotions and by calling upon the jury to draw conclusions which were not fairly inferrible from the evidence. While his conduct was clearly improper (see, People v Ashwal, 39 NY2d 105; People v Blackman, 88 AD2d 620), in light of the strong evidence of the defendant's guilt, the curative instructions issued by the trial court, and the similar conduct engaged by defense counsel on summation, it cannot be said that the prosecutor's misconduct substantially prejudiced the defendant's trial (see, People v Galloway, 54 NY2d 396; People v Brosnan, 32 NY2d 254; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

We have considered the defendant's remaining contentions

and find them to be either without merit or unpreserved for our review. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.