■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY LYKING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered December 10, 1986, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was convicted of shooting the complainant, whom he had known for about 10 years and who was the sole eyewitness to the crime.

We find that, under the circumstances of this case, prosecutorial misconduct during the People's summation deprived the defendant of a fair trial.

During her summation, the prosecutrix, *inter alia,* misrepresented evidence and implied that the defendant was heavily involved in narcotics sales, that he owned "pot stores", that he had once directed a friend to find and shoot the complainant

and that he had "set-up" the complainant for the instant assault. Such comments were not supported by the testimony and they were not fairly inferable from the evidence adduced (see, People v Ashwal, 39 NY2d 105, 109-110).

In addition, the trial court frequently overruled defense counsel's objections to the improper comments and instructed the jury that the remarks constituted fair comment upon the evidence. Such rulings further compounded the prejudice to defendant (cf., People v McCall, 128 AD2d 552, 553).

The errors were particularly damaging as this is not a case where the evidence of the defendant's guilt could be described as overwhelming. The credibility of the complainant was severely impeached and apparently gave the jury much difficulty as evidenced by the fact that it was unable to reach a verdict on the charge of attempted murder in the second degree despite extensive medical testimony as to the seriousness of the complainant's injuries.

We also find that the trial court improperly charged the jury on justification. The court denied defense counsel's request that the court instruct the jury that, before it considered the defense of justification, it first had to be convinced, beyond a reasonable doubt, that the defendant was the shooter. Instead, the court's charge, as given, could have conveyed to the jury the impression that they should consider this to be an established fact.

We find, therefore, that these errors, combined with the fact that proof of guilt was less than overwhelming, warrant reversal of the defendant's conviction.

We have considered the defendant's other contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.