■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARBER, Appellant. [701 NYS2d 645] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Minardo, J.), rendered September 27, 1996, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Vaughan, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant was indicted for three counts of robbery in the second degree and ultimately was convicted of two counts based on incidents which occurred on July 29, 1995, and July 30, 1995. On July 31, 1995, the defendant was detained for a showup in connection with the robbery which occurred on July 29, 1995. The defendant was identified by the complainant of that robbery as the person who had robbed him. In connection with the defendant's arrest for that robbery, an arrest photo was taken which was later placed in a photo array in connection with the robbery of July 30, 1995. The use by the police of this photo is challenged by the defendant.

The Supreme Court suppressed the showup identification finding that the police lacked reasonable suspicion to detain the defendant for the July 29, 1995, robbery. The Supreme Court found, however, that once the complainant identified the defendant the police had probable cause to arrest him. The defendant contends that the court erred in failing to suppress the lineup identification by the complainant in the July 30, 1995, robbery, which followed that complainant's identification of the defendant from the photo array. This contention is without merit. Even if the inclusion of the defendant's arrest photo in the photo array was improper, the lineup identification of the defendant by the complainant in the July 30, 1995, incident was sufficiently attenuated therefrom, and therefore suppression is not warranted (*see, People v Pleasant,* 54 NY2d 972, 974, *cert denied* 455 US 924; *People v Martinez,* 37 NY2d 662, 668-669). The police had independently learned the defendant's identity and whereabouts in connection with the July 30, 1995, robbery without relying on the improper detention which gave

rise to the suppression of the showup identification concerning the July 29, 1995, robbery. Further, because the police independently suspected the defendant in the crime for which the photographic array was used, and since the defendant had a prior criminal record, the People have met their burden of establishing that a photograph of the defendant would inevitably have been discovered (*see, People v Turriago,* 90 NY2d 77, 86).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.