OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 After arrest, defendant was arraigned on a felony complaint charging sodomy in the first degree (Penal Law § 130.50 [1]), which related to an incident occurring on December 1, 1995. At the arraignment, the People notified defendant of their intent to present the case to a Grand Jury, and the Legal Aid Society attorney then representing defendant served the required notice of defendant’s intent to be a witness before the Grand Jury. Originally scheduled to testify on February 16, 1996, defendant did not testify until February 20, when he was questioned in the presence of his new attorney, Eugene Bogan, since deceased, about the events of December 1, 1995. The Grand Jury also questioned defendant regarding an alleged rape of the same complainant, said to have taken place on September 2, 1995. The Grand Jury subsequently indicted defendant on numerous charges relating to both the September 2 and the December 1 incidents. After a jury trial, defendant was convicted of rape in the first degree and sexual abuse in the first degree arising from the September 2 incident, and sodomy in the first degree arising from the December 1 incident.
 

 By way of a postjudgment CPL 440.10 motion, defendant claimed that he received only a few minutes’ advance notice that the Grand Jury would question him about the September 2 incident. This, in defendant’s view, violated the notice requirements placed on the People by CPL 190.50 (5). The trial court, after a hearing, found, and the Appellate Division affirmed, that defendant and his counsel were informed of the additional charge on February 16, four days in advance of defendant’s February 20 Grand Jury testimony. Both lower courts additionally held that CPL 190.50 (5) did not require notice of charges that were not contained in the felony complaint.
 

 Putting to one side the factual finding that defendant received four days’ notice of the additional charge, we conclude that, on defendant’s direct appeal from his judgment of conviction, the issue of a violation of the CPL 190.50 (5) notice requirement is unpreserved. Indeed, the issue was never raised
 
 *937
 
 before or during trial. At trial, the defense called attorney Bogan for the purpose of rebutting the People’s assertion that defendant’s alibi defense to the rape charge was of recent fabrication. During the colloquy preceding Supreme Court’s decision to allow Bogan to testify there was discussion as to the events surrounding defendant’s Grand Jury testimony and conflicting claims regarding when notice of the September 2 incident was first given. At no time did the defense claim violation of CPL 190.50 (5) by failure to provide notice of charges separate from those contained in the felony complaint, nor was the argument raised in the motion to set aside the verdict pursuant to CPL 330.30. The first time it was raised was in reply papers to the CPL 330.30 motion.
 

 After denial of the CPL 330.30 motion, Supreme Court permitted the issue to be raised in a CPL 440.10 motion. Defendant had many opportunities to place the issue of the CPL 190.50 (5) notice requirement before the trial court, but failed to do so. Neither the CPL 330.30 motion, nor the CPL 440.10 motion could, in this instance, cure the lack of preservation. The dispute as to notice of the Grand Jury charges appeared on the record when Bogan was called to testify by the defense, without a timely assertion of a CPL 190.50 (5) violation. We need not address the People’s contentions under CPL 190.50 (5) (c) raised for the first time on appeal.
 

 Although defendant’s claim of ineffective assistance was properly brought by way of a CPL 440.10 motion, we agree with the courts below that defendant received meaningful representation before the Grand Jury and at trial (see,
 
 People v Benevento,
 
 91 NY2d 708, 712-714). Defendant’s remaining claims are either unpreserved, or to the extent they are preserved for our review, are without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.