■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GARCIA, Also Known as CARLOS ESTRADA, Appellant. [756 NYS2d 492] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered August 17, 1999, convicting him of murder in the second degree (two counts), attempted murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court should have suppressed certain identification evidence and his statement as the fruits of an unlawful search is unpreserved for appellate review (*see People v Fenner*, 61 NY2d 971 [1984]; *People v Warner*, 125 AD2d 430 [1986]). In any event, the defendant had abandoned the bag which was searched (*see People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]). Further, even if the search of the bag had been unlawful, suppression would not have been warranted as the lineup identifications of the defendant and his statement were sufficiently attenuated from any alleged illegality (*see People v Pleasant*, 54 NY2d 972, 974 [1981], *cert denied* 455 US 924 [1982]; *People v Barber*, 268 AD2d 485 [2000]), and the defendant's identity, which was obtained from a probation card found in the bag, would have been discovered in any event since he had already been identified by his nickname as one of the perpetrators (*see People v Turriago*, 90 NY2d 77, 86 [1997]; *People v Barber, supra*).

The defendant's accomplice fired several gunshots, killing two people and injuring another. The trial court was permitted to impose consecutive sentences for the defendant's convictions of murder in the second degree and attempted murder in the second degree, as those crimes were committed through separate acts, and the court providently exercised its discretion in doing so (*see People v Reyes*, 239 AD2d 524 [1997]). The

sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The contention raised in the defendant's supplemental pro se brief that he was denied the effective assistance of counsel is primarily based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Boyd,* 244 AD2d 497 [1997]). To the extent his contention can be reviewed, the record demonstrates that he received meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's remaining contention is without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.