■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR RHODES, Appellant. [782 NYS2d 788]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered December 4, 2000, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention regarding the prosecutor's cross-examination of his alibi witness about her status as a welfare recipient, as well as her relationship with the defendant and her

eldest child, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gibson*, 280 AD2d 903 [2001]; *People v Fisher*, 148 AD2d 628 [1989]), and, in any event, is without merit. The scope of cross-examination of a witness concerning collateral matters designed to attack credibility rests largely within the discretion of the trial court (*see People v Perkins*, 5 AD3d 801 [2004]; *see also Matter of Tyrell A.*, 249 AD2d 467 [1998]). Since the prosecutor had a burden to disprove the defendant's alibi defense beyond a reasonable doubt, she properly introduced this evidence, which addressed the witness's credibility (*see People v Squires*, 171 AD2d 893 [1991]).

The defendant's claims of alleged improprieties in the prosecutor's summation is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Morel*, 297 AD2d 757 [2002]). In any event, the summation "must be examined in the context of that delivered by opposing counsel, and is proper if it is responsive to arguments and issues raised by the defense" (*People v Jones*, 294 AD2d 517 [2002]; *see People v Russo*, 201 AD2d 512 [1994], *affd* 85 NY2d 872 [1995]). Further, a prosecutor may fairly comment on the evidence and the inferences to be drawn therefrom (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Scotti*, 220 AD2d 543 [1995]). The prosecutor's statements did not transcend the broad bounds of rhetorical comment permitted in summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Harris*, 209 AD2d 432 [1994]), and constituted either fair comment to the evidence presented, or fair response to the defense counsel's summation.

The contention raised in the defendant's supplemental pro se brief that he was denied the effective assistance of counsel is primarily based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Garcia*, 303 AD2d 600 [2003]; *People v Boyd*, 244 AD2d 497 [1997]). To the extent his contention can be reviewed, the record establishes that he received meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Garcia, supra*).

The defendant's remaining contentions raised in his supplemental pro se brief are either unpreserved for appellate review or without merit. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.