[861 NE2d 89, 828 NYS2d 274]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROMERO, Appellant.

Decided December 19, 2006

### APPEARANCES OF COUNSEL

*Weiss & Associates, P.C.,* New York City (*Matthew J. Weiss* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney,* New York City (*Susan Gliner* and *Mark Dwyer* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant argues that various comments by the prosecutor during his summation were improper and deprived him of a fair trial. Most of the remarks identified by defendant on appeal are unreviewable because they went unchallenged at trial (*see e.g. People v Tardbania,* 72 NY2d 852, 853 [1988]), were met with only unspecified, general objections (*see e.g. People v Harris,* 98 NY2d 452, 491 n 18 [2002]; *People v Tonge,* 93 NY2d 838, 839-840 [1999]), or were raised for the first time in a postsummations mistrial motion (*see e.g. People v LaValle,* 3 NY3d 88, 116 [2004]). Although a statement about defense counsel prompted a specific objection on the ground of burden-shifting, the trial court correctly concluded that the comment was not improper and, in order to eliminate any possibility of prejudice to defendant, the court issued a curative instruction that the People had the burden of proving every element of each charged offense. In addition, the court sustained an objection to the prosecutor's

reference to a plea agreement reached in an unrelated, high-profile federal case, and it cannot be said that this isolated remark, viewed in conjunction with the entire summation and the trial court's corrective action, deprived defendant of his right to a fair trial.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ, SMITH and PIGOTT concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed in a memorandum.