■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TOWNSEND, Appellant. [954 NYS2d 221]——

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 25, 2010, convicting him of reckless endangerment in the first degree, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and reckless driving, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of reckless endangerment in the first degree and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court properly declined to suppress his statement to the police that, prior to his arrest, he had drunk one beer and had taken, inter alia, oxycodone and a muscle relaxant. This post-*Miranda* statement (*see Miranda v Arizona*, 384 US 436 [1966]) was suf-

ficiently attenuated from his earlier pre-*Miranda* statement to the police since there was a definite and pronounced break in the questioning (*see People v White*, 10 NY3d 286, 292 [2008], *cert denied* 555 US 897 [2008]; *People v Nelson*, 73 AD3d 811 [2010]; *People v Parker*, 50 AD3d 1607 [2008]; *People v Davis*, 287 AD2d 376 [2001]; *People v Hawthorne*, 160 AD2d 727, 728-729 [1990]).

The defendant's contention that he was deprived of a fair trial when the County Court allowed a witness to testify regarding the defendant's illegal drug use was not preserved for appellate review, as the defendant did not object or move for a mistrial following the requested curative instruction (*see* CPL 470.05 [2]; *People v Parilla*, 158 AD2d 556 [1990]). In any event, although the witness's statement was improper, any prejudice to the defendant was mitigated by the court's actions in striking the improper testimony and providing a curative instruction to the jury (*see People v Benloss*, 60 AD3d 686, 686-687 [2009]; *People v Whitely*, 41 AD3d 622, 623 [2007]; *People v Dawkins*, 27 AD3d 576, 577 [2006]), which the jury is presumed to have followed (*see People v Evanson*, 71 AD3d 782, 783 [2010]; *People v Hardy*, 22 AD3d 679, 680 [2005]). Moreover, the error was harmless, as the evidence of the defendant's guilt, without reference to the improper testimony, was overwhelming, and there was no significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Johnson*, 57 NY2d 969, 971 [1982]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that he was deprived of his right to a fair trial by the preclusion of certain witness testimony is without merit. The County Court did not improvidently exercise its discretion in precluding the defense from calling the defendant's father to testify as to witnessing the defendant suffer seizures as a child since such testimony was cumulative and collateral (*see People v Parks*, 85 AD3d 557, 558 [2011]; *People v O'Connor*, 154 AD2d 626, 627 [1989]; *People v DiMattina*, 149 AD2d 725, 726 [1989]).

The defendant's contention that the County Court erred in admitting evidence of an uncharged crime is also without merit. The defendant's statement to the police that he was driving with a suspended license was probative of the defendant's mental state and awareness, and the probative value of that statement outweighed any potential for undue prejudice (*see People v Cass*, 18 NY3d 553, 561 [2012]; *People v Bernardez*, 73 AD3d 1196, 1197 [2010]; *People v Norman*, 40 AD3d 1128, 1129 [2007]). Furthermore, the court gave appropriate limiting

instructions as to the limited purpose for which that evidence was received (*see People v Cockett*, 95 AD3d 1230, 1231 [2012], *lv denied* 19 NY3d 958 [2012]; *People v Morris*, 82 AD3d 908, 909 [2011]; *People v Bernardez*, 73 AD3d at 1197).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.