■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY GRAY, Appellant. [983 NYS2d 262]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered October 23, 2008, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court and Justice, entered on or about June 27, 2011, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant was not deprived of effective assistance of counsel by the fact that his attorney did not move to reopen a suppression hearing based on trial testimony. Defendant has not established a reasonable probability that the new evidence elicited at trial would have resulted in suppression of his written confession on the ground of lack of attenuation from an inadmissible oral confession.

At trial the investigating detective made clear that defendant had in fact given a substantive oral confession between the time he received defective initial *Miranda* warnings and the time he received proper warnings. However, the less precise suppression hearing testimony left the impression that this statement consisted only of a declaration that defendant intended to "take the blame" for his brother, and contained no substantive admission of guilt. In our decision on the People's appeal from an order of the hearing court (Seth L. Marvin, J.), that granted suppression, we determined, based on this latter understanding of the facts, that, regardless of the validity of the initial oral warnings, defendant's "written statement was sufficiently attenuated to be admissible" (51 AD3d 63, 67 [1st Dept 2008], *lv denied* 10 NY3d 863 [2008], *cert denied* 555 US 1182 [2009].

Even accepting defendant's argument that no plausible strategy could justify counsel's failure to seek a reopened suppression hearing after the evidentiary landscape was altered by the detective's trial testimony, we find that the lack of reopening did not prejudice defendant (*see Strickland v Washington*, 466 US 668 [1984]) or render the assistance he received less than

meaningful (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]). Specifically, we find that although the information that emerged at trial gave defendant a stronger argument that his written statement was not attenuated, it did not give him a winning one. We rely on many of the considerations we referred to in our first decision. First, defendant's announcement that he would speak in order to take the blame for his brother evinced an independent willingness to speak to police that weighs in favor of a finding of attenuation (*see People v Paulman*, 5 NY3d 122, 131 [2005]). Second, even if defendant did incriminate himself in his oral statement, the fact remains that he then received two undisputedly valid sets of warnings, and that there was a 45-minute gap between the two, during which defendant was not questioned. Third, as we indicated in our earlier decision, defendant's extensive criminal record, including eight prior arrests, further supports the conclusion that, before making his written statement, he was "returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple*, 38 NY2d 112, 115 [1975]). Finally, we consider it relevant that defendant's oral statement was not preceded by a complete absence of warnings, but by oral warnings that were incomplete, apparently because they omitted the warning about appointment of free counsel.

The court properly exercised its discretion in admitting into evidence a box of ammunition of a type capable of being used in the homicide. The ammunition was sufficiently connected to defendant to meet the test of relevance, and its probative value outweighed any prejudicial effect (*see People v Bonnemere*, 308 AD2d 418, 419 [1st Dept 2003], *lv denied* 1 NY3d 568 [2003]).

By failing to object, making general objections or failing to request any specific further relief after the court sustained an objection, defendant failed to preserve his present challenges to the prosecutor's summation (*see People v Romero*, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1992]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). We have considered and rejected defendant's ineffective assistance claim relating to the summation. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Feinman and Kapnick, JJ.