Appeal by the defendant from a judgment of the Supreme Court, Queens County (Módica, J.), rendered March 10, 2011, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was convicted of assault in the second degree and criminal possession of a weapon in the fourth degree. The defendant’s argument that the prosecution failed to proffer legally sufficient evidence to support those convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v *1086 Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the defendant’s conviction of assault in the second degree and criminal possession of a weapon in the fourth degree beyond a reasonable doubt (see Penal Law §§ 120.05 [2]; 265.01 [2]; People v Chiddick, 8 NY3d 445 [2007]; People v Carter, 53 NY2d 113 [1981]; People v Warren, 98 AD3d 634 [2012]; People v Barresi, 80 AD3d 709, 710 [2011]; People v Williams, 79 AD3d 537, 538 [2010]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s argument that the court erred in admitting a recording of two 911 emergency telephone calls placed by the complainant regarding the subject incident is unpreserved for appellate review, as the defendant failed to object to the admission of the recording at trial (see CPL 470.05 [2]; People v Reynolds, 83 AD3d 1098 [2011]; People v Stevenson, 52 AD3d 746 [2008]). In any event, contrary to the defendant’s contention, the Supreme Court properly admitted the recording into evidence under the excited utterance exception to the hearsay rule (see People v Cantave, 21 NY3d 374, 381 [2013]; People v Johnson, 1 NY3d 302, 305-306 [2003]; People v Whitlock, 95 AD3d 909, 910 [2012]; People v Fields, 89 AD3d 861 [2011]).
The defendant additionally argues that the prosecutor committed prosecutorial misconduct in his summation, and therefore deprived the defendant of a fair trial. The defendant’s argument is not preserved for appellate review, as the defendant either did not object to the comments, or did not object to the court’s rulings or request additional curative instructions (see CPL 470.05 [2]; People v Comer, 73 NY2d 955 [1989]; People v Tardbania, 72 NY2d 852 [1988]; People v Wright, 62 AD3d 916, 917 [2009]). In any event, the defendant’s claim is without merit. A prosecutor has “broad latitude during summation, particularly when responding to the defense counsel’s summation” (People v Cariola, 276 AD2d 800, 800 [2000], citing People v Galloway, 54 NY2d 396 [1981]; see People v Rhodes, 11 AD3d *1087 487, 488 [2004]). In this case, most of the prosecutor’s statements were either fair comment on the evidence presented, fair response to the defendant’s summation, or permissible rhetorical comment (see People v Garner, 27 AD3d 764 [2006]; People v Pearson, 29 AD3d 711 [2006]; People v Collins, 12 AD3d 33 [2004]; cf. People v Ashwal, 39 NY2d 105 [1976]; People v Smith, 28 AD3d 688, 689 [2006]; People v Lyking, 147 AD2d 504, 504-505 [1989]). Any error as to the remaining statements did not deprive the defendant of a fair trial, and any other error in this regard was either alleviated when the court issued curative instructions (see People v Baker, 14 NY3d 266, 273-274 [2010]; People v Arce, 42 NY2d 179, 187 [1977]; People v Ashwal, 39 NY2d at 111; People v Daley, 50 AD3d 1051 [2008]; People v Williams, 14 AD3d 519 [2005]), or was harmless, as the evidence of the defendant’s guilt was overwhelming and there is no significant probability that the error contributed to the defendant’s convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The defendant’s contention that he received ineffective assistance of counsel is without merit (see People v Snyder, 100 AD3d 1367, 1369 [2012]; People v Taylor, 1 NY3d 174, 175-176 [2003]).
Rivera, J.E, Lott, Miller and Duffy, JJ., concur.