■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK ADAMS, Respondent. [992 NYS2d 133]—

Appeal by the People from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 28, 2013, which, after a hearing pursuant to a stipulation in lieu of motions, suppressed DNA evidence, identification evidence, and a statement made by the defendant to law enforcement officials.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof suppressing identification evidence and the statement made by the defendant to law enforcement officials, and substituting therefor a provision denying the suppression of identification evidence and the statement made by the defendant to law enforcement officials; as so modified, the order is affirmed.

The hearing court properly suppressed DNA evidence as tainted since the Nassau County Probation Department (hereinafter the Probation Department) took an unauthorized buccal swab from the defendant, which was a bodily intrusion subject to the constraints of the Fourth Amendment (*see Matter of Abe A.*, 56 NY2d 288, 297-299 [1982]; *People v Fomby*, 103 AD3d 28, 29 [2012]; *People v Smith*, 95 AD3d 21, 24-26 [2012]; *People v Sterling*, 57 AD3d 1110, 1111 [2008]; *see also People v King*, 232 AD2d 111 [1997]). The People's contentions that the defendant was not deprived of his constitutional rights because he was a probationer and because the unauthorized buccal swab taken by the Probation Department was merely a statutory violation are unpreserved for appellate review, inasmuch as the People failed to raise them before the hearing court (*see* CPL 470.05 [2]). In any event, the People's claims are without merit. The defendant's status as a probationer did not "justify departures from the customary constitutional standards that apply in other settings" (*People v Hale*, 93 NY2d 454, 459 [1999], citing *Griffin v Wisconsin*, 483 US 868, 873-874 [1987]), where, as here, it is undisputed that the provision of a DNA sample was not a condition of the defendant's probation under any statutory or judicial authority. Moreover, since the DNA sample taken from the defendant implicated his constitutional rights, we reject the People's argument that the Probation Department, in taking the unauthorized buccal swab, only committed a statutory violation that did not warrant suppression of evidence (*cf. People v Patterson*, 78 NY2d 711 [1991]).

However, as the People correctly contend, the hearing court erred in suppressing disputed identification evidence and the defendant's statement to law enforcement officials as fruit of the poisonous tree because this evidence fell under the inevit-

able discovery exception to the exclusionary rule (*see People v Fitzpatrick*, 32 NY2d 499, 506 [1973]). Contrary to the defendant's contention, the People's argument in this regard was preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). Since an authorized DNA sample was taken from the defendant in connection with another unrelated charge shortly after he was arrested on the charges at issue on this appeal, the People established a very high degree of probability that the evidence in question would haven been obtained independently of the tainted source during the normal course of police investigation (*see People v Turriago*, 90 NY2d 77, 85 [1997]; *People v Stith*, 69 NY2d 313, 318 [1987]; *People v Barber*, 268 AD2d 485, 486 [2000]). Accordingly, the hearing court should not have suppressed the identification evidence and the defendant's statement to the police.

The People's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur. ■