THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD WILLIAMS, Appellant. [997 NYS2d 499]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered December 13, 2011, convicting him of burglary in the first degree, criminal possession of a weapon in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that a slide show the prosecutor presented to the jury during summation deprived him of a fair trial. To the extent that the defendant contends that the prosecution mischaracterized the trial evidence with slides indicating that a truck belonged to one of the People's witnesses and that this witness saw the defendant on the street just prior to the assault, the defendant's challenges are preserved for appellate review. The defendant's remaining challenges regarding the slide show are unpreserved for appellate review. In any event, the slide show was not improper (*see generally People v Santiago*, 22 NY3d 740, 746-747, 750-751 [2014]). To the extent that there was any prejudice to the defendant, it was mitigated by the court's curative instruction to the jury (*see People v Baker*, 14 NY3d 266, 273-274 [2010]; *People v Oliphant*, 117 AD3d 1085, 1087 [2014]; *People v Townsend*, 100 AD3d 1029, 1030 [2012]), which the jury is presumed to have followed (*see People v Guzman*, 76 NY2d 1, 7 [1990]; *People v Tohom*, 109 AD3d 253, 268 [2013]; *People v Townsend*, 100 AD3d at 1030).

With the exception of a comment related to consciousness of guilt, the defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, since he either failed to object to the remarks at issue, made only a general objection, or failed to request further curative relief when his objections were sustained, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Martin*, 116 AD3d 981, 982 [2014]; *People v Stewart*, 89 AD3d 1044, 1045 [2011]; *People v Paul*, 82 AD3d 1267, 1267-1268 [2011]). In any event, the challenged portions of the prosecutor's summation were within the bounds of permissible comment, a fair response to the defendant's attack on the credibility of the People's witnesses and the defense suggestion that the complainant and his brother framed the defendant, a fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399

[1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Ariza*, 77 AD3d 844, 846 [2010]; *People v Barnes*, 33 AD3d 811, 812 [2006]). To the extent that any prejudice may have resulted from certain remarks, it was ameliorated by the trial court's curative instructions to the jury (*see People v Baker*, 14 NY3d at 273-274; *People v Oliphant*, 117 AD3d at 1087; *People v Townsend*, 100 AD3d at 1030, 1031), which the jury is presumed to have followed (*see People v Guzman*, 76 NY2d at 7; *People v Tohom*, 109 AD3d at 268; *People v Townsend*, 100 AD3d at 1030). Moreover, any improper comments were isolated and not so egregious as to have deprived the defendant of a fair trial (*see People v Romero*, 7 NY3d at 912; *cf. People v Spann*, 82 AD3d 1013, 1015-1016 [2011]).

Defense counsel's failure to object to the improper comments made by the prosecutor on summation did not deprive the defendant of the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Brooks*, 89 AD3d 746 [2011]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d at 174; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.