THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY RAMRATTAN, Appellant. [6 NYS3d 131]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 4, 2012, convicting him of rape in the first degree, unlawful imprisonment in the second degree, perjury in the first degree (three counts), conspiracy in the fifth degree (two counts), tampering with a witness in the third degree, and falsely reporting an incident in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to testify before the grand jury because the People failed to keep an implicit promise to give him until a certain date to decide whether he wished to testify. This contention is unpreserved for appellate review, since the defendant failed to raise it as a ground for the dismissal of the indictment (*see People v Pressley*, 94 NY2d 935, 936-937 [2000]; *People v Brooks*, 247 AD2d 486 [1998]). In any event, the contention is without merit. The prosecutor notified defense counsel on May 1, 2009, of his intention to present the matter to the grand jury on May 4, 2009.

After speaking with defense counsel, the prosecutor agreed to delay presenting the matter until May 6, 2009. This provided the defendant with a reasonable amount of time "to exercise his right to appear as a witness" before the grand jury (CPL 190.50 [5] [a]; see People v Pugh, 207 AD2d 503 [1994]).

There is no merit to the defendant's contention that the Supreme Court should have instructed the jury that a certain prosecution witness was an accomplice as a matter of law. " '[I]f the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity . . . the question should be left to the jury for its determination' " (People v Sweet, 78 NY2d 263, 266 [1991], quoting People v Basch, 36 NY2d 154, 157 [1975]). Here, since the evidence was susceptible of more than one interpretation, the Supreme Court properly submitted this matter to the jury to determine as a factual issue (see People v Besser, 96 NY2d 136, 147 [2001]; People v Cardona, 17 AD3d 692, 693 [2005]; People v Cirigliano, 15 AD3d 672, 673 [2005]).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, since he either failed to object to the remarks at issue, made only a general objection, or failed to request further curative relief when his objections were sustained, and he failed to raise the specific grounds he now asserts on appeal in his motion for a mistrial (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Martin, 116 AD3d 981, 982 [2014]; People v Stewart, 89 AD3d 1044, 1045 [2011]; People v Paul, 82 AD3d 1267, 1267-1268 [2011]). In any event, most of the challenged portions of the prosecutor's summation were within the bounds of permissible comment, fair response to the defendant's attack on the credibility of the People's complaining witness, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (see People v Halm, 81 NY2d 819, 821 [1993]; People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Ariza, 77 AD3d 844, 846 [2010]; People v Barnes, 33 AD3d 811, 812 [2006]). To the extent that any prejudice may have resulted from certain remarks, it was ameliorated by the trial court's curative instructions to the jury (see People v Baker, 14 NY3d 266, 273-274 [2010]; People v Oliphant, 117 AD3d 1085, 1087 [2014]; People v Townsend, 100 AD3d 1029, 1030-1031 [2012]), which the jury is presumed to have followed (see People v Guzman, 76 NY2d 1, 7 [1990]; People v Tohom, 109 AD3d 253, 268

[2013]; *People v Townsend*, 100 AD3d at 1030). Moreover, any improper comments were isolated and not so egregious as to have deprived the defendant of a fair trial (*see People v Romero*, 7 NY3d at 912; *cf. People v Spann*, 82 AD3d 1013, 1015-1016 [2011]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.