THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONIKA MARKU, Appellant. [39 NYS3d 152]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 29, 2014, convicting defendant, after a jury trial, of grand larceny in the third degree, welfare fraud in the third degree and four counts of offering a false instrument for filing in the first degree, and sentencing her to an aggregate term of three years' probation, unanimously affirmed.

The court properly granted the People's request for submission of grand larceny in the third degree and welfare fraud in the third degree as lesser included offenses of these crimes' second-degree counterparts. The evidence supported a reasonable view that defendant fraudulently obtained public assistance health benefits in an amount exceeding $3,000, but under $50,000 (*see generally People v Rivera*, 23 NY3d 112, 120 [2014]). Although the People's principal theory was that all of defendant's applications for benefits were fraudulent, the People were nevertheless entitled to submission of the lesser offenses because the evidence also supported a reasonable alternative theory.

Defendant did not preserve her claim that a People's witness improperly provided factual interpretations of charts that the witness had created summarizing voluminous records in evidence, or her claim that the court should have specifically instructed the jury not to consider certain conduct because it fell outside the statute of limitations, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal with regard to either issue.

Defendant's ineffective assistance of counsel claims relating to the issues we have found to be unpreserved are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record

permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.