*763 Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delligatti, J.), rendered August 31, 2015, convicting him of sexual abuse in the first degree and criminal obstruction of breathing or blood circulation, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Most of the defendant’s claims that certain of the prosecutor’s summation remarks deprived him of a fair trial are unpreserved for appellate review (see CPL 470.05 [2]). In any event, some of the challenged portions of the prosecutor’s summation were within the bounds of permissible comment, fair response to the defendant’s attack on the credibility of the complainant, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (see People v Halm, 81 NY2d 819, 821 [1993]; People v Ashwal, 39 NY2d 105, 110 [1976]; People v Ramrattan, 126 AD3d 1013, 1014 [2015]; People v Persaud, 98 AD3d 527, 529 [2012]). To the extent that any prejudice may have resulted from certain remarks, it was ameliorated by the Supreme Court’s curative instructions to the jury (see People v Baker, 14 NY3d 266, 273-274 [2010]; People v Oliphant, 117 AD3d 1085, 1087 [2014]; People v Townsend, 100 AD3d 1029, 1030-1031 [2012]), which the jury is presumed to have followed (see People v Guzman, 76 NY2d 1, 7 [1990]; People v Tohom, 109 AD3d 253, 268 [2013]; People v Townsend, 100 AD3d at 1030). Moreover, any improper comments were isolated and not so egregious that they deprived the defendant of a fair trial (see People v Romero, 7 NY3d 911, 912 [2006]; People v Ramrattan, 126 AD3d at 1014; People v Persaud, 98 AD3d at 529; People v Rogers, 92 AD3d *764 903, 904 [2012]; People v Banyan, 60 AD3d 861 [2009]; see also People v Wragg, 26 NY3d 403, 411-412 [2015]).
The defendant’s contention that he is entitled to a new sentencing hearing because of alleged misrepresentations and inaccuracies in the presentence report is without merit. Defense counsel thoroughly detailed to the sentencing court all of the alleged errors and misrepresentations; consequently, the court was fully and properly apprised of the defendant’s claims (see People v Perry, 36 NY2d 114, 120 [1975]; People v Harrington, 3 AD3d 737, 739 [2004]). Moreover, the court clearly did not base the imposed sentence on any of the alleged errors in the presentence report (see People v Serrano, 81 AD3d 753, 754 [2011]). Insofar as the defendant maintains that the alleged inaccuracies in the presentence report will prejudice him before the parole board, we note that the sentencing court stated that the sentencing minutes, which detail the alleged errors, would accompany the presentence report before the parole board.
Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.