People v McArthur (2018 NY Slip Op 00311)





People v McArthur


2018 NY Slip Op 00311


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-03903
 (Ind. No. 1451/14)

[*1]The People of the State of New York, respondent,
v
Maurice McArthur, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Kayonia L. Whetstone of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 28, 2015, convicting him of assault in the second degree (two counts), unlawful fleeing a police officer in a motor vehicle in the third degree, reckless endangerment in the second degree, reckless driving, obstructing governmental administration in the second degree, resisting arrest, leaving the scene of an incident without reporting, and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of two counts of assault in the second degree (Penal Law § 120.05[3]), including the element of physical injury (Penal Law § 10.00[9]), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those two counts was not against the weight of the evidence.
The defendant contends that certain remarks made by the prosecutor during summation deprived him of a fair trial. A prosecutor has "broad latitude during summation, particularly when responding to the defense counsel's summation" (People v Cariola, 276 AD2d 800, 800, citing People v Galloway, 54 NY2d 396; see People v Rhodes, 11 AD3d 487, 488). Here, most of the prosecutor's remarks were either fair comment on the evidence presented, fair response to the defendant's summation, or permissible rhetorical comment (see People v Pearson, 29 AD3d 711; People v Garner, 27 AD3d 764; People v Collins, 12 AD3d 33; cf. People v Ashwal, 39 NY2d 105; People v Smith, 28 AD3d 688, 689; People v Lyking, 147 AD2d 504, 504-505). To the extent that any of the remaining challenged remarks were improper, their impact was alleviated by the Supreme Court's curative instructions (see People v Baker, 14 NY3d 266, 273-274; People v Arce, 42 NY2d 179, 187; People v Ashwal, 39 NY2d at 111; People v Daley, 50 AD3d 1051; People v [*2]Williams, 14 AD3d 519), and those comments did not deprive the defendant of a fair trial. Further, any other error in this regard was harmless, as the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court