People v Miles (2018 NY Slip Op 00519)





People v Miles


2018 NY Slip Op 00519


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5551 4457/10

[*1]The People of the State of New York, Respondent,
v
Chris Miles, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Weil, Gotshal & Manges LLP, New York (David Fitzmaurice of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (George R. Villegas, J.), rendered October 29, 2014, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
By failing to object, making general objections or failing to request any further relief after the court sustained an objection, defendant failed to preserve his present challenges to the prosecutor's summation (see People v Romero, 7 NY3d 911, 912 [2006]). "The word objection' alone [is] insufficient to preserve [an] issue" for review as a question of law (People v Tevaha, 84 NY2d 879, 881 [1994]), and defendant's assertion to the contrary is unavailing. We decline to review these challenges in the interest of justice. As an alternative holding, we conclude that while some of the challenged remarks should have been avoided, they were not so egregious or pervasive as to have deprived defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). In particular, when viewed in context, the prosecutor's brief, ill-conceived reference to an appeal following a conviction was not unduly prejudicial.
We also conclude that defendant was not deprived of a fair trial by the prosecutor's reference in his opening statement to a witness who ultimately did not testify. Defendant has not established either bad faith on the People's part or undue prejudice (see People v De Tore, 34 NY2d 199, 207 [1974], cert denied sub nom. Wedra v New York, 419 US 1025 [1974]). Furthermore, defendant abandoned his request for a curative instruction, and only requested the drastic remedy of a mistrial.
The court properly excluded the testimony of defendant's toxicologist, because he could not provide any competent evidence bearing on the credibility of a People's witness whom the defense claimed to have been intoxicated at the time of the incident
(see generally People v Davis, 43 NY2d 17, 27 [1977], cert denied 438 US 914 [1978]). Defendant's theory of admissibility was excessively speculative and tenuous.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK