The People of the State of New York, Respondent,
against
Kevin Rodriguez, Appellant. 




Law Offices of Richard L. Herzfeld, P. C. (Richard L. Herzfeld of counsel), for appellant.
Orange County District Attorney (Robert H. Middlemiss of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Steven W. Brockett, J.), rendered September 14, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the third degree, petit larceny and harassment in the second degree, and imposed sentences, including two concurrent 60-day terms of incarceration and three years' probation on the assault in the third degree and petit larceny convictions.




ORDERED that the judgment of conviction is modified, on the law, by vacating the sentences imposed on the convictions of assault in the third degree and petit larceny, and imposing a sentence on each of those convictions, the sentences to run concurrently, of three years' probation and a 60-day term of incarceration as a condition thereof to run concurrently therewith; as so modified, the judgment of conviction is affirmed.
Defendant was charged with assault in the third degree (Penal Law § 120.00 [1]), petit larceny (Penal Law § 155.25) and harassment in the second degree (Penal Law § 240.26 [1]). After a jury trial, defendant was found guilty of the charges. The City Court sentenced defendant to two concurrent 60-day jail terms and three years' probation on the assault in the third degree and petit larceny convictions. Defendant was sentenced to time served on the charge of harassment in the second degree.
Defendant's contentions on appeal regarding the opinion testimony elicited from the detective who had responded to the scene and the prosecutor's remarks made during summation are not properly preserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice.
Defendant also contends that the concurrent sentences of 60 days in jail and three years' probation imposed on the convictions of assault in the third degree and petit larceny are illegal [*2]and, in any event, excessive.
Pursuant to Penal Law § 60.01 (2) (d), "[t]he sentence of imprisonment [not in excess of 60 days] shall be a condition of and run concurrently with the sentence of probation" provided that the sentence of probation "together with the term of imprisonment shall not exceed the term of probation" as authorized by Penal Law § 65.00 (3) (b). Here, the court did not expressly provide that the concurrent terms of 60 days' imprisonment were conditions of the three years of probation authorized by Penal Law § 65.00 (3) (b) on the convictions of assault in the third degree and petit larceny and were to run concurrently therewith (see Penal Law § 60.01 [2] [d]). Consequently, the judgment must be modified with respect to the sentences imposed on the convictions of assault in the third degree and petit larceny. We further find that these two sentences, as modified, are not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Accordingly, the judgment of conviction is modified by vacating the sentences imposed on the convictions of assault in the third degree and petit larceny, and imposing a sentence on each of those convictions, the sentences to run concurrently, of three years' probation and a 60-day term of incarceration as a condition thereof to run concurrently therewith.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 22, 2019