People v Park (2022 NY Slip Op 05930)

People v Park

2022 NY Slip Op 05930

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Ind No. 493/17 Appeal No. 16510 Case No. 2022-02405 

[*1]The People of the State of New York, Respondent,
v
James Park, Defendant-Appellant.

The Law Offices of Andrew J. Frisch, PLLC, New York (Andrew J. Frisch of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered June 3, 2022, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to a term of 20 years, unanimously affirmed.
The court properly denied defendant's request for a justification charge because there was no reasonable view of the evidence, viewed in the light most favorable to the defense, to support such a charge. There was no reasonable view of the evidence that when he displayed a knife and twice stabbed the unarmed victim in the chest, defendant reasonably believed that it was necessary to do so to defend himself from the victim's imminent use of deadly force (see People v Watts, 57 NY2d 299, 301-302 [1982]; see also People v Goetz, 68 NY2d 96, 115 [1996]). Regardless of whether, as defendant claimed, a crowd of people were encouraging the victim to kill defendant, it was undisputed that only defendant was armed. We have considered and rejected defendant's remaining arguments on the justification issue.
The court properly granted the People's request for submission of first-degree manslaughter as a lesser included offense of second-degree murder, because the evidence, including defendant's testimony, supported a reasonable view that defendant only intended to cause serious physical injury. Defendant's argument to the contrary rests primarily on the prosecutor's summation, which argued vigorously in favor of a murder verdict but said little about manslaughter. However, the People were entitled to argue a principal theory as well as a reasonable alternative or fallback theory (see People v Marku, 143 AD3d 576 [1st Dept 2016], lv denied 28 NY3d 1147 [2017]). Moreover, the right of either party to submission of an appropriate lesser included offense is governed by CPL 300.50, which does not require the requesting party to make any particular summation argument.
Defendant's challenge to certain comments made by the prosecutor during summation is unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022