People v Williams (2026 NY Slip Op 00537)

People v Williams

2026 NY Slip Op 00537

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-01488
 (Ind. No. 267/20)

[*1]The People of the State of New York, respondent,
vBrandon Williams, appellant.

Adam Seiden, Mount Vernon, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, J.), rendered December 5, 2022, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of one count of murder in the second degree and two counts of criminal possession of a weapon in the second degree in connection with the murder of the victim in a parking lot in Westchester County. The defendant appeals.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Stewart, 222 AD3d 781, 782).
The defendant's contention that he was deprived of a fair trial by various comments made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object, failed to request curative instructions, and did not timely move for a mistrial on the specific grounds now claimed (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Flippen, 236 AD3d 815, 816). In any event, to the extent that any of the challenged comments were improper, they were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Escalona, 237 AD3d 968, 970; People v Flippen, 236 AD3d at 816).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court