■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE MEJIA, Appellant. [739 NYS2d 42] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered May 5, 1998, as amended October 24, 2000, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and resentencing him to concurrent terms of $2^2/3$ to 8 years, $2^1/3$ to 7 years, and $2^1/3$ to 7 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony on Fourth Amendment grounds. Even if photographs of defendant were unlawfully removed from his home, it was not these photographs, but only police photographs that were used in the photo arrays and the record does not establish that the police photographs were located as a result of the acquisition of the private photographs. On the contrary, the detectives had independently learned of defendant's name, and this information enabled them to locate defendant's police photograph. The court's factual finding in this regard is supported by the record and entitled to deference (*see, People v Prochilo*, 41 NY2d 759, 761).

The court properly exercised its discretion by admitting the complete versions of prior statements made by two prosecution witnesses. Since defense counsel had impeached an eyewitness to the shooting with a purportedly inconsistent prior remark in the prior statement about the number of shots that witness had heard before he turned and fled, the court properly permitted the prosecutor to elicit other statements that the witness had made to the detective as recorded in the statement in order to place the inconsistency in context (*see, People v Torre*, 42 NY2d 1036). Since defendant utilized the apparent discrepancy in an attempt to have the witness admit a lack of knowledge as

to who fired the shots, the prosecutor was entitled to show that the witness also had told the detective, consistent with the witness's trial testimony, that he had seen defendant fire the weapon and that he had met defendant previously. As for the other witness at issue on appeal, defendant waived any objection to the admission of her prior consistent statement since it was defendant who placed it in evidence.

The court properly refused to admit hearsay statements made by defendant's alibi witnesses to a defense investigator. Although defendant asserts that these statements were admissible to rebut suggestions by the prosecutor of recent fabrication, the statements were properly excluded because they had not been made prior to the time when a motive to falsify would have arisen (see, People v McClean, 69 NY2d 426). In any event, defendant was permitted to elicit the fact that the statements were made, but not their contents.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Tom, Sullivan, Rubin and Friedman, JJ.