■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN RIVERA, Appellant. [13 NYS3d 414]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 25, 2013, convicting defendant, after a jury trial, of attempted assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of nine years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's confession to the police was sufficiently corroborated by other proof establishing that the crime was committed (*see* CPL 60.50).

The court properly exercised its discretion in excluding, as irrelevant, a videotape of defendant's conversation with an assistant district attorney during which defendant asserted the right to counsel, and the court's ruling did not deprive defendant of his right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). The conversation took place approximately 12 hours after defendant waived his *Miranda* rights and made an incriminating statement to a detective. The later invocation of the right to counsel, which was not followed by any further statement, had no relevance to the voluntariness of the statement defendant made many hours earlier. The record also fails to support defendant's assertion that the precluded evidence tended to impeach the detective's testimony. To the extent defendant is also making a claim about the scope of cross-examination at the suppression hearing, we find it without merit.

The court properly exercised its discretion in permitting the prosecutor to address leading questions to a witness whom the court declared to be hostile. Defendant did not preserve his specific claim that the prosecutor violated CPL 60.35, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's argument conflates the examination of a hostile witness by leading questions, which is a matter of discretion, with the impeachment of a party's own witness by prior contradictory statements, which is regulated by CPL 60.35 (*see People v Marshall*, 220 AD2d 692 [2d Dept 1995], *lv denied* 87 NY2d 904 [1995]). Here, the prosecutor did not attempt to impeach the hostile witness with

any prior statement by her, and the prosecutor's use of a statement by another prosecution witness to refresh the hostile witness's recollection followed the proper procedures for such refreshment. Finally if there was error n permitting the prosecutor's examination of the witness, it was harmless. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.