THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY THOMAS, Appellant. [40 NYS3d 462]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 6, 2013, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of marijuana in the fifth degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested when the police found marijuana and a loaded firearm in his car after a legal traffic stop. At the time of the stop, the defendant was seated in the front passenger seat, his friend (hereinafter the driver) was driving, and another occupant was seated in the back seat. At trial, the driver testified on behalf of the People, pursuant to a cooperation agreement, that she spoke to the defendant in jail after his arrest and he told her that he knew the gun was in the trunk of the vehicle. On cross-examination, the driver testified that the defendant further stated that he only learned about the gun after his arrest when he was in jail with the other occupant of the vehicle. On redirect examination, the prosecutor used the driver's grand jury testimony to refresh her recollection as to another portion of that same conversation with the defendant. The driver then testified that the defendant also stated during that conversation that he was talking about the same gun that was the basis for the charges against the driver herself, and that he knew the gun was in the trunk of the car.

The defendant's contentions that the prosecutor improperly attempted to impeach the driver on redirect examination are unpreserved for appellate review (see CPL 470.05 [2]; *People v Rivera*, 130 AD3d 487 [2015]; *People v Escobar*, 275 AD2d 659 [2000]). In any event, the defendant's contentions are without merit. On cross-examination, defense counsel raised the issue of the driver's motive for testifying and her credibility, and therefore, in response, the People properly elicited testimony on redirect, including the driver's promise to testify truthfully as required by the cooperation agreement (see *People v Choi*,

137 AD3d 808, 809 [2016]). Furthermore, the driver's grand jury testimony was properly used to refresh her recollection as to additional portions of the conversation she had with the defendant regarding the gun (*see* CPL 60.35 [3]; *People v Torre*, 42 NY2d 1036, 1037 [1977]; *People v Mejia*, 292 AD2d 189 [2002]; *People v Carrion*, 277 AD2d 480, 481 [2000]).

The defendant's contentions regarding allegedly improper comments in the prosecutor's summation are unpreserved for appellate review, as the defendant either failed to object to the comments or failed to request additional curative action, and untimely moved for a mistrial (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Harris*, 98 NY2d 452, 492 [2002]; *People v Heide*, 84 NY2d 943, 944 [1994]; *People v Grant*, 137 AD3d 938 [2016]; *People v Adams*, 93 AD3d 734, 735 [2012]; *People v Malave*, 7 AD3d 542 [2004]; *People v White*, 5 AD3d 511 [2004]). In any event, the defendant's contentions are without merit. Counsel is to be afforded the widest latitude in making summation arguments and has the right "to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide," as long as counsel stays within the "four corners of the evidence" (*People v Ashwal*, 39 NY2d 105, 109 [1976] [internal quotation marks omitted]). Here, the prosecutor's summation comments were fair response to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Rosario*, 195 AD2d 577 [1993]), or fair comment on the evidence and the inferences to be drawn from the evidence (*see People v White*, 5 AD3d 511 [2004]). With respect to the challenged remark concerning the content of the driver's grand jury testimony, which was not in evidence, the trial court's immediate admonition served to ameliorate any prejudicial effect that may have resulted (*see People v Galloway*, 54 NY2d 396, 399 [1981]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.