■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTEL DUNNING, Appellant. [49 NYS3d 755]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered April 15, 2015, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his right to due process was violated by the prosecutor's misconduct on summation is unpreserved for appellate review (CPL 470.05 [2]), as the defendant failed to object, request curative instructions, or timely move for a mistrial (*see People v Owens*, 129 AD3d 995 [2015]; *People v Perez*, 77 AD3d 974 [2010]), and we decline to review the contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6]; *People v Jones*, 139 AD3d 878 [2016]).

The defendant's contention that he was deprived of his right to the effective assistance of counsel under the New York State Constitution is without merit. The defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v King*, 27 NY3d 147, 159 [2016]; *cf. People v Fisher*, 18 NY3d 964, 967 [2012]). Since " 'our state standard . . . offers greater protection than the federal test,' " we necessarily reject the defendant's federal constitutional challenge by determining that he was not denied meaningful representation under the State Constitution (*People v Wragg*, 26 NY3d 403, 412 [2015], quoting *People v Caban*, 5 NY3d 143, 156 [2005]). Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.