Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered September 22, 2015, convicting him of robbery in the second degree, attempted assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of each charge beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645 [2006]).
 

 The defendant’s contention that he was deprived of a fair trial by improper remarks made by the prosecutor during her summation is unpreserved for appellate review (see CPL 470.05 [2]; People v Dunning, 148 AD3d 1047, 1048 [2017]; People v Choi, 137 AD3d 808, 810 [2016]). In any event, this contention is without merit, since the comments alleged to be prejudicial were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defendant’s attack on the credibility of the People’s complaining witnesses, or permissible rhetorical comment (see People v Beer, 146 AD3d 895, 897 [2017]; People v Thomas, 143 AD3d 1006, 1007 [2016]; People v Ramrattan, 126 AD3d 1013, 1014 [2015]).
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.