People v Mieles (2018 NY Slip Op 03858)





People v Mieles


2018 NY Slip Op 03858


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2014-05278
 (Ind. No. 3392/11)

[*1]The People of the State of New York, respondent,
v
Juan Mieles, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, Brooke E. Barnes, and Jonathan Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered May 5, 2014, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; cf. Matter of Kenyetta F., 49 AD3d 540, 541).
The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during her summation is unpreserved for appellate review (see People v Tonge, 93 NY2d 838, 839; People v Dunning, 148 AD3d 1047, 1048; People v Spencer, 87 AD3d 751, 753, affd 20 NY3d 954). In any event, this contention is without merit, since the comments alleged to be prejudicial were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defendant's attacks on the credibility of the People's complaining witness, permissible rhetorical comment, or do not otherwise warrant reversal (see People v Galloway, 54 NY2d 396, 401; People v Ashwal, 39 NY2d 105, 109; People v Beer, 146 AD3d 895, 897; People v Thomas, 143 AD3d 1006, 1007; People v Ramrattan, 126 AD3d 1013, 1014-1015).
The defendant was not deprived of the effective assistance of counsel. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court