People v Rodriguez (2020 NY Slip Op 03189)





People v Rodriguez


2020 NY Slip Op 03189


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


11609 5584/12

[*1] The People of the State of New York, Respondent,
v
Anthony Rodriguez, Defendant-Appellant.


Warren S. Landau, Cedarhurst, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered July 22, 2014, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree, promoting prostitution in the third degree, endangering the welfare of a child, criminal possession of a weapon in the fourth degree (five counts) and unlawful possession of marijuana, and sentencing him to an aggregate term of 13 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the provisions of the orders of protection that directed that they remain in effect until July 21, 2035 and remanding the matter for a new determination of the duration of the orders, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's legal insufficiency claim relating to the dangerous instrument element of second-degree assault is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the evidence supports a reasonable inference that defendant used a piece of broken glass in a manner that was readily capable of causing serious physical injury to the victim. (see People v Mitcham, 159 AD3d 641 [1st Dept. 2018]).
With regard to defendant's claim under People v O'Rama (78 NY2d 270 [1991]), there was no mode of proceedings error exempt from preservation requirements, because the record establishes that counsel received notice of the content of the note and the court's intended response. Thus, counsel was given ample opportunity to suggest an appropriate response (see People v Mack, 27 NY3d 534, 538 [2016]); People v Kadarko 14 AD3d 426 [2010]; People v Donoso, 78 AD3d 129, 135 [1st Dept 2010], lv denied 15 NY3d 952 [2010]).
Defense counsel did not object to most of the prosecutor's leading examination of the complainant and any error in permitting the prosecutor to ask leading questions was harmless (People v Rivera, 130 AD3d 487, 488 [1st Dept 2015]). Defendant also did not preserve his challenges to evidence of uncharged crimes, to the prosecutor's summation, or to various alleged errors and omissions in the court's main and supplemental jury instructions, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
With regard to the issues that we have found to be unpreserved, defendant claims that his counsel rendered ineffective assistance by failing to make appropriate objections or requests to charge. However, these claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]), including counsel's reasons for not pursuing certain issues (see e.g. People v Rios, 139 AD3d 620 [1st Dept 2016], lv denied 28 NY3d 973 [2016]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the [*2]existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged omissions fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (id.).
As the People concede, the order of protection's expiration date is incorrect because it did not take into account the jail
time credit to which defendant is entitled (see People v Jackson, 121 AD3d 434 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK