People v McVay
2026 NY Slip Op 03887
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jeffrey McVay, Defendant-Appellant.

Decided and Entered: June 18, 2026
Ind No. 70670/21|Appeal No. 6914|Case No. 2023-01852|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Daniel P. Schumeister of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Kathryn Paek, J. at application to proceed pro se; Gregory Carro, J. at trial and sentencing), rendered March 1, 2023, as amended March 16, 2023, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 7 years, unanimously modified, on the facts, to the extent of vacating the conviction of assault in the second degree under count 4 of the indictment and dismissing that count, and otherwise affirmed.
Defendant's waiver of his right to counsel was knowing, intelligent, and voluntary (see People v Crampe, 17 NY3d 469, 481-482 [2011], cert denied 565 US 1261 [2012]; People v Providence, 2 NY3d 579, 580 [2004]). The court conducted a thorough, searching inquiry, which included a discussion of defendant's background and education (see People v Smith, 92 NY2d 516, 520 [1998]), a conversation about the charges against him and his sentencing exposure (see People v Blue, 42 NY3d 584, 595-596 [2024], cert denied — US —, 145 S Ct 2778 [2025]), and ample warnings about "the risks of proceeding pro se" and "the importance of a lawyer in the adversarial system" (see People v Baines, 39 NY3d 1, 7 [2022]). The court did not improperly shift the burden of proof by remarking that defendant would be responsible for cross-examining witnesses and presenting witnesses and evidence. When viewed in proper context, the court was providing examples of trial tasks defendants would be expected to perform when representing themselves (see CJI2d[NY] Waiver of Counsel ["If you choose to represent yourself, you alone will be responsible for representing yourself at all stages of the proceedings, including: making an opening address to the jurors, examining witnesses during the trial, making appropriate objections, explaining in legal terms, if necessary, your objections or requests, and making a closing address to the jurors"]). Under the circumstances, the court was not required to explain in detail the potential role of a legal advisor before concluding that defendant's waiver of the right to counsel was valid (see Baines, 39 NY3d at 7-8).
[*2]
Defendant did not preserve any argument that he was deprived of his rights to self-representation and to present a defense by the court's decision to proceed with summations on the same day the parties rested or by any alleged failure to ensure defendant's access to the law library, as he "did not raise these constitutional claims in the trial court" (People v Lane, 7 NY3d 888, 889 [2006]). In the alternative, insofar as these claims can be considered on this record, we find that the court did not abuse its discretion by failing to adjourn the case over the weekend, because defendant agreed to prepare over the lunch break and was ready to deliver his summation when everyone returned to the courtroom in the afternoon. Thus, the record does not reflect that he was prejudiced by the court's decision (see People v Keller, 207 AD3d 564, 565 [2d Dept 2022], lv denied 39 NY3d 986 [2022]; People v Jones, 299 AD2d 162, 163 [1st Dept 2002], lv denied 99 NY2d 583 [2003]). When defendant raised issues with his access to the law library several months before trial, the court directed defendant's legal advisor to contact the facility, and the absence of any further complaints on the record supports the inference that these issues were resolved. Moreover, defendant has not articulated any specific prejudice he suffered stemming from a temporary lack of access to the law library (see People v Hendy, 159 AD2d 250, 250-251 [1st Dept 1990], lv denied 76 NY2d 736 [1990]).
The verdict convicting defendant of attempted first-degree assault and second-degree assault based on his use of a dangerous instrument was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations or its evaluation of the evidence (see People v Rodriguez, 184 AD3d 420, 421 [1st Dept 2020], lv denied 35 NY3d 1115 [2020]). The totality of the evidence, including the victim's testimony, photographs of his injury, his medical records, and testimony from the responding officer, amply supports the jury's conclusion that defendant intentionally swung a piece of sharp broken glass at the victim, causing a laceration to his right hand that required stitches (see Penal Law §§ 10.00[13], 120.05[2], 110/120.10[1]; Rodriguez, 184 AD3d at 421; People v Tapia, 151 AD3d 437, 438-439 [1st Dept 2017], affd 33 NY3d 257 [2019], cert denied 589 US 1103 [2019]).
[*3]
However, the second-degree assault conviction based on the victim and defendant's respective ages was against the weight of the evidence because the People did not meet their burden to adduce adequate admissible evidence to establish defendant's age (see Penal Law § 120.05[12]; People v Blodgett, 160 AD2d 1105, 1106 [3d Dept 1990], lv denied 76 NY2d 731 [1990]). The only evidence offered by the People was the testimony of the arresting officer's partner, who stated that while "assisting with the arrest," he learned defendant's date of birth without explaining whether he acquired the information from questioning defendant, from a fellow officer or from some document or report (see People v Justice, 99 AD3d 1213, 1214 [4th Dept 2012], lv denied 20 NY3d 1012 [2013] [insufficient evidence of the defendant's age where a police officer generally testified that he learned the defendant's birthday "during the course of his investigation," and the People failed to establish that the testimony was admissible under some exception to the hearsay rule]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026